UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| SGF LICENSE, LLC,<br><br>        Plaintiff,<br><br>v.<br><br>STEFFIGRAF.COM, STEFFIGRAF.NET,<br>STEFFIGRAF.INFO,<br><br>        Defendants. | 2:09-CV-00850-PMP-RJJ<br><br><br><u>ORDER</u> |

Presently before the Court is Plaintiff SGF License, LLC's Ex Parte Motion for Approval to Proceed in Rem and For Service by Publication (Doc. #2) and Plaintiff's Motion for Temporary Restraining Order (Doc. #3), filed on May 12, 2009.[1] Plaintiff seeks to proceed in rem against the internet domain names steffigraf.com, steffigraf.net, and steffigraf.info ("Defendant Domain Names"). Plaintiff asserts in rem jurisdiction exists in this Court under 15 U.S.C. § 1125(d) and 28 U.S.C. § 1655 because Plaintiff is not able to obtain personal jurisdiction over a person who would have been a defendant in a cybersquatting civil action where all the domain name registrars and registrants are located outside the state and have no contacts with the state.

Pursuant to 15 U.S.C. § 1125(d)(1)(A), a person is civilly liable to a protected mark's owner if that person has a bad faith intent to profit from the mark and registers, traffics in, or uses a domain name that is identical, confusingly similar to, or dilutive of that mark. Under § 1125(d)(2)(A), the mark's owner–

---

[1] Plaintiff filed corrected images of the Complaint (Doc. #5), the Motion for Approval to Proceed in Rem (Doc. #8), and the Motion for Temporary Restraining Order (Doc. #9).

1         may file an in rem civil action against a domain name in the judicial district in which the domain name registrar, domain name registry, or other domain name authority that registered or assigned the domain name is located if
            (i) the domain name violates any right of the owner of a mark registered in the Patent and Trademark Office, or protected under subsection (a) or (c) of this section; and
            (ii) the court finds that the owner--
                (I) is not able to obtain in personam jurisdiction over a person who would have been a defendant in a civil action under paragraph (1); or
                (II) through due diligence was not able to find a person who would have been a defendant in a civil action under paragraph (1) by--
                    (aa) sending a notice of the alleged violation and intent to proceed under this paragraph to the registrant of the domain name at the postal and e-mail address provided by the registrant to the registrar; and
                    (bb) publishing notice of the action as the court may direct promptly after filing the action.

Section 1125(d)(2)(C) provides that–

    [i]n an in rem action under this paragraph, a domain name shall be deemed to have its situs in the judicial district in which (i) the domain name registrar, registry, or other domain name authority that registered or assigned the domain name is located; or (ii) documents sufficient to establish control and authority regarding the disposition of the registration and use of the domain name are deposited with the court.

The in rem jurisdiction established under § 1125(d) is "in addition to any other jurisdiction that otherwise exists, whether in rem or in personam." 15 U.S.C. § 1125(d)(4).

        Plaintiff concedes this Court lacks personal jurisdiction over any of the registrants of the Defendant Domain Names, as none are located in Nevada and Plaintiff has no evidence the registrants of the passive domain names have any other contacts with the state. (Pl.'s Mot. Ex Parte Mot. for Approval to Proceed In Rem & for Service by Publication (Doc. #8) at 5-7.) Plaintiff also concedes none of the domain name registrars are located in this district. (Id. at 8.) However, Plaintiff argues this Court may exercise in rem jurisdiction over the Defendant Domain Names because once this Court orders the registrars to deposit the domain name certificates in the Court's registry, documents sufficient to establish control and authority regarding the disposition of the Defendant

2

Domain Names' registration and use will be located here for purposes of § 1125(d)(2)(C).

The Court concludes it lacks jurisdiction over the res in this matter. Section 1125(d)(2)(A)'s plain language states an in rem action may be brought against a domain name in the judicial district in which the domain name registrar, registry, or other authority that registered the domain name is located. See Mattel, Inc. v. Barbie-Club.com, 310 F.3d 293, 300 (2d Cir. 2002); Standing Stone Media, Inc. v. Indiancountrytoday.com, 193 F. Supp. 2d 528, 534 (N.D.N.Y. 2002); FleetBoston Fin. Corp. v. FleetBostonFinancial.com, 138 F. Supp. 2d 121, 125 (D. Mass. 2001). Plaintiff admits no registrar, registry, or other authority is located here. The Court therefore lacks jurisdiction over the res.

To the extent Plaintiff is arguing it may bring an in rem action in any district in which the control and authority documents are deposited with the court, this Court adopts the reasoning in the above cases and rejects this proposition. The plain language does not support that reading, and such an interpretation would create in rem jurisdiction in any district of a plaintiff's choosing. Plaintiff offers no authority for such an expansion of in rem jurisdiction for cybersquatting cases.[2] Moreover, no such documents are on deposit with this Court.

Plaintiff also argues in rem jurisdiction is appropriate under 28 U.S.C. § 1655. That section provides that a district court may order a defendant to appear or plead by a date certain in an action to enforce a cloud upon the title to real or personal property "within the district" where the plaintiff cannot serve the defendant within the State or the defendant does not voluntarily appear. As set forth above, the Defendant Domain Names are not located "within the district."

///

---

[2] Additionally, Plaintiff may be able to establish personal jurisdiction in another district over the registrant of Defendant Domain Name steffigraf.info, as the information provided shows he maintains an address in Chicago, Illinois. See 15 U.S.C. § 1125(d)(2)(A)(ii)(I).

3

1    The Court therefore denies Plaintiff's Ex Parte Motion for Approval to Proceed
2 in Rem and For Service by Publication (Doc. #2) and Plaintiff's Motion for Temporary
3 Restraining Order (Doc. #3).  The Court also dismisses this action for lack of jurisdiction
4 over the res.[3]

5    IT IS SO ORDERED.

7 DATED: May 13, 2009.

_____
PHILIP M. PRO
United States District Judge

---

[3] By its terms, Plaintiff's Complaint seeks to proceed only in rem.  (Compl. (Doc. #5) at 1.)

4